IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WOODIE RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-00176-SRB |
| | ) | |
| LIBERTY FRUIT COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Liberty Fruit Company, Inc.'s ("Defendant") Motion for Transfer of Venue. (Doc. #3.) As set forth below, the motion is DENIED.

**I. FACTUAL BACKGROUND**

The following allegations are taken from Plaintiff Woodie Russell's ("Plaintiff") Complaint for Damages. (Doc. #1-1.)[1] Only those allegations necessary to resolve the pending motion are discussed below and are simplified to the extent possible. Additional allegations and facts relating to the pending motion are discussed in Section III.

Plaintiff is an individual that resides in Jackson County, Missouri. Defendant is a Missouri corporation and its principal place of business is in Kansas City, Kansas. Defendant does business in both Missouri and Kansas, including delivering products to customers in Missouri. In 2010, Defendant hired Plaintiff to make deliveries throughout Kansas and Missouri. During the workweek, Plaintiff reported to Keith Rogers ("Rogers"), Defendant's Transportation

---

[1] Plaintiff originally filed this case in Missouri state court and the operative pleading is titled "Petition for Damages." (Doc. #1-1.) Because this case is now in federal court, the Court refers to the operative pleading as the Complaint. Fed. R. Civ. P. 7.

Manager. For weekend shifts, Plaintiff reported to Bill Hinkle ("Hinkle"), Defendant's Weekend Supervisor.

In 2014, Plaintiff began having symptoms that were eventually diagnosed as gout. Defendant accommodated Plaintiff's symptoms for approximately seven years, which included assistance unloading deliveries and periods of time off. In 2020, a serious gout flare-up required Plaintiff to be off of work for approximately four weeks. When Plaintiff returned to work, "Rogers's attitude towards Plaintiff's disability changed." (Doc. #1-1, p. 4.)[2] Rogers eventually became "extremely hostile towards" Plaintiff. (Doc. #1-1, p. 5.) Among other things, Rogers yelled at Plaintiff and insisted that Plaintiff take extra delivery routes. On some occasions, Plaintiff told Rogers he could not safely make extra deliveries because of a gout flare-up and/or fatigue, and that attempting to do so would violate Department of Transportation ("DOT") Regulation 6.3.1.[3]

On April 17, 2021, Plaintiff told Rogers and Hinkle he could not take additional deliveries. In part, Plaintiff explained he was suffering from gout symptoms and had taken medication which helped the symptoms, but which made him fatigued. Rogers allegedly told Plaintiff he was "lazy, unreliable, and a 'cry baby.'" (Doc. #1-1, p. 8.) Plaintiff refused to make the delivery and Rogers ended the conversation. On April 20, 2021, Defendant presented

---

[2] All page numbers refer to the pagination automatically generated by CM/ECF.

[3] The Complaint alleges that DOT Regulation 6.3.1 is codified at 49 C.F.R. § 392.3. In relevant part, 49 C.F.R. § 392.3 provides that:

> No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle[.]

2

Plaintiff "with a document which stated he had been terminated effective April 17, 2021, for refusing to take the additional load." (Doc. #1-1, p. 9.)

On February 4, 2022, Plaintiff filed this lawsuit against Defendant in the Circuit Court of Jackson County, Missouri. The Complaint alleges that Defendant terminated Plaintiff's employment because Plaintiff made good faith complaints about violations of DOT Regulation 6.3.1, and terminated Plaintiff's employment based on his disability. Plaintiff asserts the following claims: Count I—Wrongful Discharge in Violation of Public Policy (Kansas Common Law); and Count II—Disability Discrimination in Violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

Defendant timely removed the case to this Court and then filed the pending motion under Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406, and/or 28 U.S.C. § 1404. Defendant moves to transfer this case to the United States District Court for the District of Kansas ("District of Kansas") because "all of the alleged wrongful conduct by Defendant's employees occurred in Kansas." (Doc. #3, p. 2.) Plaintiff opposes the motion and argues his choice of forum should not be disturbed. The parties' arguments are addressed below.

**II. LEGAL STANDARD**

Under Rule 12(b)(3), a party may raise the defense of improper venue. Fed. R. Civ. P. 12(b)(3). "When reviewing a motion . . . under Rule 12(b)(3), the Court . . . must construe all facts in the light most favorable to the non-moving party, and take the facts alleged in the complaint as true." *Ortho Solutions, L.C. v. Sanchez*, Case No. 4:19CV1307 HEA, 2019 WL 2450966, at * 4 (E.D. Mo. June 12, 2019). "Unlike motions to dismiss under Rule 12(b)(6) . . . the court may consider matters outside the pleadings." *Id.* "In the Eighth Circuit, the defendant

3

has the burden of establishing that venue is improper." *Shaffer v. Health Acquisition Co., LLC*, Case No. 4:18-cv-00601-NKL, 2019 WL 1049392, at * 6 (W.D. Mo. Mar. 5, 2019).

A case may be transferred from one venue to another. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).[4] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citations and quotation marks omitted).

### III. DISCUSSION

**A. Transfer is Not Warranted Under 28 U.S.C. § 1391**

Defendant's suggestions in support argues venue is not proper under the general venue statute, 28 U.S.C. § 1391(b)(2). In part, § 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). Defendant argues that "[h]ere, all of Defendant's alleged misconduct occurred outside the Western District of Missouri. Defendant employed Plaintiff in Defendant's office in Kansas City, Wyandotte County Kansas, and Plaintiff physically worked in Kansas. This is recognized by Plaintiff's dual filing of his Charge of Discrimination with the EEOC" and the Kansas Human Rights Commission. (Doc. #4, pp. 4-5.) Under these facts, Defendant contends this case should be transferred to the District of Kansas.

However, Defendant's reply brief acknowledges that it "mistakenly cited to and relied on 28 U.S.C. § 1391(b)(2)." (Doc. #10, p. 2.) The Court agrees. "[I]n removed actions like this

---

[4] The parties appear to agree that this case could originally "have been brought" in the District of Kansas. For the purpose of resolving the pending motion, the Court assumes the District of Kansas would be a proper forum.

one, § 1441(a), rather than § 1391(b), sets forth the proper venue for the filing of a petition for removal." *Express Scripts, Inc. v. Jefferson Health Sys. Inc.*, No. 4:13CV00379 AGF, 2014 WL 793773, at * 2 (citing *St. Clair v. Spigarelli*, 348 F. App'x 190, 192 (8th Cir. 2009). Under 1441(a), a state court action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this Court's Western Division embraces Jackson County, Missouri, venue is proper under § 1441(a). *See* L.R. 3.2(a)1.A. ("The Western Division comprises the counties of . . . Jackson[.]") Therefore, Defendant's request to transfer under § 1391(b) is denied.

**B. Transfer is Not Warranted Under 28 U.S.C. § 1404**

Defendant moves to transfer venue to the District of Kansas under § 1404(a). Section 1404(a) authorizes a transfer "[f]or the convenience of parties and witnesses [and] in the interest of justice[.]" 28 U.S.C. § 1404(a). To determine whether a transfer is warranted, the Court must balance several factors, including: "1. Convenience of the parties; 2. Convenience of the witnesses; 3. Accessibility of records; 4. Location of the conduct;[] 5. Applicability of forum state's substantive law," and 6. whether the interest of justice supports transfer. *Boilermaker-Blacksmith Nat'l Pension Trust v. Elite Mech. & Welding, LLC*, No. 20-cv-06021-SRB, 2020 WL 1856456, at * 1 (W.D. Mo. Apr. 13, 2020); *see also Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). "[C]onsiderable deference [is given] to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l,* 119 F.3d at 695. The relevant factors are addressed below.

### i. Convenience of the Parties and Witnesses

Plaintiff is a resident of Missouri. Defendant is a Missouri corporation and its principal place of business is in Kansas City, Kansas. These facts show that Missouri would likely be more convenient for Plaintiff, and Missouri and Kansas would be of comparable convenience for Defendant. Under these circumstances, Defendant has failed to show that the District of Kansas would be more convenient for the parties.

The convenience of witnesses factor is neutral. This Court and the District of Kansas courthouse in Kansas City, Kansas, are separated by approximately five miles. The current forum and the District of Kansas are therefore similarly convenient for witnesses. Defendant's reply brief argues that "Plaintiff's delivery route on the relevant date took him as far as Fort Riley, Kansas, which places potential witnesses that are anticipated to be necessary to the defense against Plaintiff's claims beyond this District's subpoena power for trial." (Doc. #10, p. 4.) However, Defendant has failed to identify any of these alleged potential witnesses. Defendant has also failed to explain why the District of Kansas would be more a more convenient forum for any specific witness.

Under these facts, Defendant has failed to show that the District of Kansas would be more convenient for the parties and witnesses than the current forum. Even if Kansas would be more convenient for Defendant, "[a] transfer should not be granted when to do so would merely shift, rather than eliminate, the inconvenience of the parties." *Schmitt v. U.S. Dep't of the Interior*, Case No. 2:20-cv-4018-NKL, 2020 WL 3051608, at * 3 (W.D. Mo. June 8, 2020) (quotations and citations omitted). Accordingly, a transfer is not warranted for the convenience of the parties or witnesses.

6

Case 4:22-cv-00176-SRB   Document 11   Filed 03/29/22   Page 6 of 8

### ii. Accessibility of Records

The record does not show that any documents or records—many of which are likely in electronic format—would be more accessible in Kansas than in Missouri. As such, the accessibility of records factor does not support a transfer.

### iii. Location of the Conduct

Plaintiff alleges he "was subject to adverse actions while in Kansas City, Kansas, including but not limited to being discharged from employment." (Doc. #1-1, p. 2.) Plaintiff's Charge of Discrimination alleges that he (1) "was hired by [Defendant] in Kansas City, Kansas," (2) "was supervised by management located in Kansas City, Kansas," and (3) "was subjected to adverse actions while at work in Kansas City, Kansas." (Doc. #4-1, p. 2.) Although Plaintiff alleges he made deliveries for Defendant in Missouri, and although Defendant is a Missouri corporation, the current record shows the majority of conduct occurred in Kansas. Consequently, the location of the alleged conduct weighs in favor of transfer.

### iv. Applicability of the Forum State's Substantive Law

Plaintiff asserts a claim under Kansas common law for wrongful discharge in violation of public policy. Defendant argues that "[t]ransferring this case to the District of Kansas places this case in a forum that is more familiar with the state laws of Kansas and which has a larger more developed body of precedential and persuasive authority upon which it can draw from both district and appellate level without the necessity of having to unnecessarily address conflict of law issues." (Doc. #10, pp. 4-5.)

Upon review, the Court finds it would be preferable for the District of Kansas to preside over Plaintiff's claim under Kansas law. However, "this Court is often called upon to apply the law of states outside of Missouri," and "is confident that it can properly apply [Kansas] law" to

7

the extent necessary. *Boilermaker-Blacksmith Nat'l Pension Trust*, 2020 WL 1856456, at * 1. Plaintiff also asserts a federal claim under the ADA. Either this Court or the District of Kansas is well-equipped to resolve that claim. On balance, this factor weighs slightly in favor of transfer.

### v. Interest of Justice Factors

The "interest of justice" factors include "judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law." *Terra Int'l, Inc.*, 119 F.3d at 696 (numerals omitted).

For many of the reasons discussed above, the applicable interest of justice factors do not support transfer. First, Plaintiff's choice of forum is entitled to "considerable deference." *Id.* at 695. Second, the costs of litigating this case in Missouri appear similar to litigating this case in Kansas. Third, the parties will be able to enforce a judgment and obtain a fair trial in both forums. Fourth, it would be preferable to have the District of Kansas determine issues of Kansas law. However, this Court is capable of applying and interpreting Kansas law.

Upon weighing all the relevant factors, and for the foregoing reasons, the Court finds Defendant has failed to show that a transfer is warranted.

## IV. CONCLUSION

Accordingly, Defendant's Motion for Transfer of Venue (Doc. #3) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2022

8

Case 4:22-cv-00176-SRB   Document 11   Filed 03/29/22   Page 8 of 8